# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL NO. 3:10-cv-00155 |
| v. ) | |
| ) | JUDGE: TRAUGER |
| FOUR FIREARMS ) | |
| ) | |
| **Defendant.** | |

## DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

Plaintiff, United States of America, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, has moved for a Default Judgment and Final Order of Forfeiture forfeiting the Defendant Property in the above-captioned case to the United States of America.

On February 16, 2010, the United States of America filed a Verified Complaint *In Rem* seeking forfeiture of:

    a. a Taurus PT1911 AR Pistol, 45 caliber, Serial Number NBN54089;

    b. a Sig Sauer P238 Pistol, 380 caliber, Serial Number DA003612;

    c. a Glock GMBH 22 Pistol, 40 Caliber, Serial Number NBB813; and

    d. a Glock GMBH 17L Pistol, 9mm, Serial Number LVP956;

(collectively referred to hereafter as "Defendant Property") alleging that it constitutes property involved in a violation of 18 U.S.C. § 922(g)(3) (firearm possessed by an unlawful user of a controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)) and because it constitutes property involved in a violation of 18 U.S.C. § 924(a)(1)(A) (false statement regarding information required to be kept by a federal firearms licensee regarding the sale/purchase of firearms) and is, therefore forfeitable pursuant 18 U.S.C. § 924(d)

Based upon the facts contained in the Affidavit filed in support of the Verified Complaint *in Rem*, the government has established, by a preponderance of the evidence, the requisite nexus between the Defendant Property and the offenses alleged in the Verified Complaint *in Rem*.

Pursuant to Summons and Warrant for Arrest *In Rem* issued by the Clerk of this Court on February 16 2010, the Bureau of Alcohol, Tobacco, Firearms and Explosives for the Middle District of Tennessee seized Defendant Property on March 15, 2010.

On February 17, 2010, Edvin Fakhorizn, was served, via certified mail, return receipt, with a copy of the Verified Complaint *In Rem* and Notice of Judicial Forfeiture Proceedings.

Pursuant to the Notice of Judicial Forfeiture Proceedings, all persons claiming an interest in Defendant Property were required to file their verified claims with the Clerk of this Court within thirty-five (35) days from service of the Verified Complaint *In Rem* and Notice of Judicial Forfeiture.

Public notice to all persons of said forfeiture action was also advertised on-line at "www.forfeiture.gov," the official internet government forfeiture site, for 30 consecutive days beginning on March 17, 2010 and ending on April 15, 2010.

Pursuant said notice, all persons claiming an interest in Defendant Property were required to file their verified claims with the Clerk of this Court within sixty (60) days from the first date of publication of the Notice.

No person or entity has filed a Verified Claim within the time permitted by Title 18, United States Code, Section 983(a)(4)(A), and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

The Clerk of this Court has entered a default as to all persons and entities claiming an interest in Defendant Property, pursuant to Rule 55(a) Federal Rules of Civil Procedure.

The United States has now moved for entry of a Default Judgment and for entry of Final Order of Forfeiture and this Court is of the opinion that the Motion of the United States for Default Judgment should be granted and Default Judgment be entered as to all persons or entities who may claim to have an interest in the Defendant Property. Further, the Court finds by a preponderance of the evidence that the Verified Complaint for Forfeiture establishes that the Defendant Property constitutes property involved in a violation of 18 U.S.C. § 922(g)(3) (firearm possessed by an unlawful user of a controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)) and because it constitutes property involved in a violation of 18 U.S.C. § 924(a)(1)(A) (false statement regarding information required to be kept by a federal firearms licensee regarding the sale/purchase of firearms) and is, therefore forfeitable pursuant 18 U.S.C. § 924(d) and, therefore, a Final Order of Forfeiture should be entered.

The Motion of the United States for Default Judgment and Final Order of Forfeiture is hereby GRANTED. Therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. A Judgment by Default is hereby entered as to Edvin Fakhorian and all persons or entities with respect to any interest they may have in the Defendant Property.

2. The government has established, through the facts set forth in the complaint and affidavit, by a preponderance of the evidence that there is a nexus between the Defendant Property and the offenses alleged in the Verified Complaint *in Rem* such that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 924(d).

3. The Defendant Property more particularly described as:

    a. Taurus PT1911 AR Pistol, 45 caliber, Serial Number NBN54089

      b. Sig Sauer P238 Pistol, 380 caliber, Serial Number DA003612

      c. Glock GMBH 22 Pistol, 40 Caliber, Serial Number NBB813

      d. Glock GMBH 17L Pistol, 9mm, Serial Number LVP956

is hereby forfeited to the United States of America, and all right, title and interest in and to said property is hereby vested in the United States of America, pursuant to 18 U.S.C. § 924(d).

    4. The Bureau of Alcohol, Tobacco, Firearms and Explosives, as custodian of said forfeited property, shall dispose of the same according to law.

    5. The Clerk of this Court shall provide the United States Attorney's Office and the Bureau of Alcohol, Tobacco, Firearms and Explosives with a certified copy of this order.

    Dated on this, the 7th day of December, 2010.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE